State v. Fair

No error.

Chief Judge BROCK and Judge PARKER concur.

STATE OF NORTH CAROLINA v. RANDOLPH THOMAS FAIR

No. 7527SC890

(Filed 7 April 1976)

**Burglary and Unlawful Breakings § 5; Larceny § 5— possession of re-
cently stolen goods — property not named in indictment**

> The fact that cuff links found in defendant's possession were
> not listed in the indictment charging him with breaking or entering
> a home and larceny of other articles of personal property therefrom
> did not render inapplicable the doctrine of possession of recently
> stolen goods where the evidence tended to show that the cuff links
> were stolen from the home at the same time as the property listed in
> the indictment, and the charge in this case, when considered con-
> textually as a whole, fairly and adequately declared and explained
> the law arising on the evidence with respect to the possession of
> recently stolen goods.

APPEAL by defendant from *Kirby, Judge.* Judgment entered
24 June 1975 in Superior Court, GASTON County. Heard in the
Court of Appeals 18 February 1976.

The defendant, Randolph Thomas Fair, was charged in a
two-count bill of indictment, proper in form, with the felonies
of breaking or entering the home of Alex and Jeannie Stuart
and larceny therefrom of certain described articles of personal
property. The defendant pleaded not guilty, offered no evi-
dence, and was found guilty by the jury. From a judgment im-
posing a prison sentence of seven to ten years, he appealed.

*Attornel General Edmisten by Associate Attorney Sandra
M. King for the State.*

*Harris and Bumgardner by Don H. Bumgardner for defend-
ant appellant.*

HEDRICK, Judge.

Defendant's one assignment of error challenges the court's
instructions to the jury with respect to the doctrine of the pos-

session of recently stolen goods. Evidence offered by the State tended to show that:

Alex W. Stewart left his home at 215 Dogwood Drive, Mount Holly, North Carolina, with his wife and three children at approximately 8:15 a.m., 25 February 1975. They returned home at approximately 6:00 p.m. that day and found that the basement door to the house had been battered down. Stuart noticed immediately that a 27 inch ten-speed bicycle and a 27 inch three-speed bicycle were missing. He went upstairs where he found that a stereo system and speakers, an AM/FM stereo clock radio, the children's piggy banks, a transistor radio, an attache tape recorder, some silver dollars and silver currency, and a psychedelic light were also missing. He noticed, too, that a pair of his son's gold-plated cuff links which he had seen in his son's room that morning were gone. The following day Alex and Jeannie Stewart went to the police station at approximately 6:00 p.m. where they identified a pair of cuff links as being the same ones taken from their house on the 25th.

Officer B. F. Harris testified that he arrested the defendant at approximately 5:00 p.m., 26 February 1975, and took him to the police station where he was searched. Harris found the cuff links which had been taken from the Stuarts in the defendant's right front pocket.

The defendant contends that since the bill of indictment did not charge that the defendant stole the gold-plated cuff links and since there was evidence that the Stuarts' home was broken into and the cuff links were stolen on some occasion other than that charged in the bill of indictment, the court erred "in failing to charge the jury that the doctrine of recent possession was applicable in this case only if the jury found beyond a reasonable doubt that cuff links found in the possession of the defendant were stolen at the same time and same place as the other items listed in the bill of indictment."

Even though property found in a defendant's possession is not listed in a bill of indictment charging that defendant with the felonies of breaking or entering and larceny, a presumption that defendant broke or entered and stole the property listed in the indictment arises if the property found in defendant's possession was recently stolen at the same time and place as the property listed in the indictment. *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969).

Thus, the fact that the gold-plated cuff links found in defendant's possession on the 26th of February were not listed in the bill of indictment charging the defendant with breaking or entering the Stuarts' home and the larceny of other articles of personal property does not render inapplicable the doctrine of possession of recently stolen goods in this case. Defendant's contention that there was evidence that the Stuarts' home was broken into and that the gold-plated cuff links were stolen at some time other than that of the 25th of February is not correct. All of the evidence tends to show that the Stuarts' home was broken into and all of the items and articles described in the bill of indictment and the gold-plated cuff links were stolen on 25 February 1975. Officer E. S. Luther's testimony on cross-examination that he took out a warrant "charging Bruce Nelson Johnson on the 26th day of February" with breaking and entering the Stuart home and larceny of the cuff links, standing alone, is not sufficient to raise an inference that the Stuarts' home was broken and entered into and the cuff links stolen at any time other than the 25th day of February 1975. The charge, when considered contextually as a whole, fairly and adequately declares and explains the law arising on the evidence with respect to the possession of recently stolen goods. The defendant's one assignment of error is overruled.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.